# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>SHAOHUA WANG,<br><br>  Defendant. | Case No. 19-cr-01895-BAS-1<br><br>**ORDER DENYING MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (ECF No. 90)** |

On February 3, 2020, the Court sentenced Mr. Wang to 46 months in custody—of which he has served 17 months. (ECF Nos. 68, 73.) Mr. Wang now moves pro per to reduce his sentence to time served because of the coronavirus epidemic. (ECF No. 90 ("Defendant's Motion").)[1] The Government opposes. (ECF No. 93 ("Government's Response").) For the reasons stated below, the Court **DENIES** Mr. Wang's request.

**I.  BACKGROUND**

Mr. Wang, who was originally Chinese, became a U.S. citizen in 2014. (Government's Response at 8.) From 2016–2018, he "sold export-controlled military equipment to buyers in China including helmets, plates, gas masks, communication systems and at least one sight module. He also attempted to sell a device for identifying

---

[1] Mr. Wang indicated in his Motion that he did not want a lawyer appointed to represent him in pursuing his motion.

- 1 -

19cr1895

U.S. military in the field." (*Id.*) On September 26, 2019, Mr. Wang pled guilty to conspiracy to export defense articles without a license and money laundering. (ECF Nos. 44, 47, 50.) On February 3, 2020, this Court sentenced Mr. Wang to 46 months in custody. (ECF Nos. 66, 73.)

When Mr. Wang was interviewed by Probation for the Presentence Report ("PSR"), he denied any health issues. (ECF No. 51 ¶¶ 91–92.) Likewise, in the health records submitted to the Court by Mr. Wang, a medical professional treating Mr. Wang in August 2018 noted he had "no past medical history of . . . Asthma." (Defendant's Motion at 52.) When he was admitted to the Bureau of Prisons ("BOP"), no history or current symptoms of asthma were noted. (Government's Response, Exh. 3.) Mr. Wang denied any respiratory problems and had a clear chest x-ray. (*Id.*) In fact, the first mention of asthma is an entry by the BOP on August 21, 2020, when Mr. Wang claimed he has a history of asthma. (*Id.* at 141.)[2]

Mr. Wang, who is being housed at FCI Terminal Island, tested positive for COVID-19 on April 23, 2020, but is listed as recovered as of May 10, 2020. (*Id.* at 141, 163.) At the time, he was apparently asymptomatic. *Id.*

There is some question as to Mr. Wang's attempts to obtain compassionate release from the Warden at FCI Terminal Island. Mr. Wang claims he submitted a request on July 29, 2020, and never received a response. (Defendant's Motion.) The Government claims Mr. Wang requested release from the Warden on May 7, 2020, which was denied on June 3, 2020. (Government's Response.) Neither party provides proof of any request or denial.

According to the BOP, FCI Terminal Island has largely gotten the outbreak of COVID-19 under control. *See* BOP, Covid-19 Cases, https://www.bop.gov/coronavirus (last visited Nov. 6, 2020). Although around 578 inmates and 26 staff had tested positive earlier in the year, currently only four inmates and no staff are positive for the virus. *Id.*

---

[2] Mr. Wang also submits medical records in Chinese, but, without a translation, it is impossible for the Court to confirm whether these records reference asthma or not.

The Government provides information about the extensive efforts the facility has taken to contain the earlier outbreak. (Government's Response, Exhs. 1 and 2.)

## II.   ANALYSIS

### A.   Exhaustion of Administrative Remedies

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 825–26 (2010). A narrow exception, compassionate release, allows a court to reduce a sentence for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

However, a court may only consider a defendant's motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* In other words, Mr. Wang must fully exhaust his administrative remedies from the warden of the facility where he is being housed before he turns to the court for relief.

"Requiring inmates to exhaust their administrative remedies before seeking court intervention serves several purposes. First, it protects administrative agency authority by guaranteeing agencies the 'opportunity to correct [their] own mistakes.'" *United States v. Ng Lap Seng*, 459 F. Supp. 3d 527, 532 (S.D.N.Y. 2020) (quoting *Woodford v. Ngo*, 548 U.S. 81, 89 (2006)). "Second, it promotes efficiency since claims 'generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court.'" *Id.* This Court agrees with the vast majority of courts in this circuit that have found such an exhaustion to be mandatory. *See, e.g.*, *United States v. Standard*, No. CR 16-320-RSM, 2020 WL 1987072, at *4 (W.D. Wash. Apr. 27, 2020); *United States v. Otero*, No. 17-cr-879-JAH, 2020 WL 1912216, at *3 (S.D. Cal. Apr. 20, 2020); *United States v. Allison*, No. CR 16-5207-RBL, 2020 WL 1904047, at *2 (W.D. Wash. Apr. 17, 2020); *United States v. Fuller*, No. CR 17-0324 JLR, 2020 WL 1847751, at *2 (W.D. Wash. Apr. 13, 2020); *United States v. Aguila*, No. 2:16-0046-TLN, 2020 WL

1812159, at *1 (E.D. Cal. Apr. 9, 2020); *United States v. Carver*, No. 4:19-CR-06044-SMJ, 2020 WL 1604968, at *1 (E.D. Wash. Apr. 1, 2020).

Section 3582 provides two alternative routes to exhaustion. In the first, a petitioner files a petition, which is acted on by the Warden and the petitioner proceeds to continue to fully exhaust his or her administrative remedies by appealing this refusal from the Warden. In the second, the Warden takes no action, 30 days lapse and, because of the Warden's failure to act, the petitioner may proceed without fully exhausting his or her administrative remedies.

In this case, there is some ambiguity as to whether the Warden acted on Mr. Wang's compassionate release request within 30 days or not. However, the Government may waive any exhaustion requirement by asking the court to consider the substantive merits of a defendant's motion. *Ng Lap Seng*, 459 F. Supp. 3d at 533. Because the Government, in its Opposition, waives any exhaustion requirement, the Court finds Mr. Wang has exhausted his administrative remedies.

### B. Extraordinary and Compelling Circumstances

If the exhaustion requirement is met, a court may modify or reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Holden*, 452 F. Supp. 3d 964, 966 (D. Or. 2020).

Mr. Wang argues that "extraordinary and compelling reasons" exist because: he has had respiratory problems for ten years and he has been diagnosed with "cough variant asthma." (Defendant's Motion.) However, he provides scant support for this claim. At best, he shows that in August 2020, after he was diagnosed and recovered from COVID-19 and after he sought release from the Warden, he reported to the BOP that he had long-term asthma.

The Centers for Disease Control and Prevention ("CDC") reports that "COVID-19 is a new disease. Currently there are limited data and information about the impact of many underlying medical conditions and whether they increase the risk for severe illness from COVID-19." *See* CDC, Coronavirus Disease 2019 (COVID-19), People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Nov. 6, 2020). That said, "[b]ased on what we know at this time," it appears that adults with moderate-to-severe asthma "might be at an increased risk for severe illness from the virus that causes COVID-19." *Id.*

However, Mr. Wang fails to provide any evidence that he suffers from "moderate-to-severe" asthma. To the extent he provides evidence that he has suffered from asthma in the past, at best this appears to be an intermittent, and not severe, problem. It was not serious enough for him to mention it when he was interviewed by the Probation Department, nor was it serious enough for him to mention it when he was admitted to the BOP. In August 2018, his medical treatment providers at Scripps Clinic reported he had no past history of asthma. (Defendant's Motion at 52.) This belies his current claim that he has had respiratory problems for ten years.

Additionally, Mr. Wang had COVID-19 and was apparently asymptomatic. (Government's Response, Exh. 3.) Terminal Island FCI, where he is being housed, now appears to have the previous COVID-19 outbreak well in hand. Therefore, Mr. Wang has failed to demonstrate "extraordinary and compelling reasons" for his release.

### III. CONCLUSION

Because Mr. Wang has failed to demonstrate "extraordinary and compelling reasons" for his release, his Motion to reduce his sentence pursuant to Title 18 U.S.C. § 3582(c)(1)(A) is **DENIED**. (ECF No. 90.)

**IT IS SO ORDERED.**

**DATED: November 9, 2020**

Hon. Cynthia Bashant
United States District Judge