UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>       v.<br><br>SHAOHUA WANG,<br><br>                              Defendant. | Case No. 19-cr-01895-BAS-1<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION (ECF No. 108)** |

**I.    BACKGROUND**

On November 10, 2020, this Court denied Defendant's Motion for Compassionate Release. (ECF No. 99.)  The Court concluded that Defendant provided no support for his claim that he has had respiratory problems for ten years and has been diagnosed with "cough variant asthma" and no support that he suffers from "moderate-to-severe" asthma. Finally, the Court also based its decision, in part, on the fact that Defendant had contracted and recovered from COVID-19 and was asymptomatic at the time.  (*Id.*)

Defendant now files a Motion for Reconsideration.  (ECF No. 108.)  Defendant attaches evidence that: (1) on October 8, 2015, he was hospitalized for shortness of breath and a dry cough (*id.* Exh A); (2) shortly before his arrest, Defendant sought treatment for shortness of breath at Scripps Clinic (*id.* Exh. B); (3) in November 2020 defendant was diagnosed with hypertension (*id.* Exh. C); and (4) defendant has a history of smoking and

alcoholism (*id*. Exh. D).  Thus, Defendant argues his Motion for Compassionate Release should now be granted.

The Government opposes.  (ECF No. 110.)  First, the Government points out that the CDC has revised its guidelines to reflect that "moderate-to-severe" asthma and ordinary hypertension only "might" put people at increased risk from COVID-19.  Additionally, defendant's hypertension appears to be professionally managed by the Bureau of Prisons ("BOP") with prescription medications.  Second, the Government reiterates that the fact that Defendant recovered from COVID-19 without exhibiting significant symptoms or health complications, while not entirely dispositive, is still a factor the Court should consider.  Finally, the Government argues Defendant's age and the fact that he has served only 40% of his sentence militate against granting the Motion.  (*Id.*)

The Court agrees that Defendant has failed to show extraordinary and compelling reasons for his release and thus **DENIES** the Motion for Reconsideration.

## II.   STATEMENT OF FACTS

The Court adopts the Background section from its last order.  (ECF No. 99.)  Briefly, Defendant pled guilty to conspiracy to export defense articles and money laundering.  The Court sentenced Defendant to 46 months in custody, of which he has now served almost 20 months.  Defendant contracted and recovered from COVID-19 in May 2020.  He was asymptomatic during his infection.

The Government now provides additional information that vaccinations have been offered to inmates at FCI Terminal Island, where Defendant is being housed.  Defendant is in the last group to be vaccinated because he was presumed to have some immunity since he had already contracted and recovered from the virus.  Only 167 inmates (out of approximately 650) are left to be vaccinated at Terminal Island, and the Government anticipates that these remaining inmates will be offered access to the vaccine imminently.  The vaccination rate is reflected in the current infection rate at FCI Terminal Island.  Currently, Terminal Island has gone from one of the worst infection rates in the country to

1 no inmates and five staff members testing positive for the virus.  *See* BOP, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited Apr. 6, 2021).

### III.   EXTRAORDINARY AND COMPELLING REASONS

The Court adopts the legal standard for compassionate release outlined in its last order denying Defendant's motion.  (ECF No. 99.)  Defendant has now demonstrated that he has several conditions that, according to the CDC, "might" lead to a more severe reaction were he to re-contract COVID-19 (e.g., shortness of breath, hypertension, history of smoking and alcoholism).  *See* CDC, *People with Certain Medical Conditions* (Mar. 29, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.  However, weighing against these risk factors are the fact that Defendant's hypertension is being managed while he is in custody, the fact that he previously contracted COVID-19, recovered, and was asymptomatic and the fact that he will be vaccinated in short order.

Defense counsel relies heavily on *United States v. Yellin*, No. 3:15-CR-3181-BTM-1, 2020 WL 3488738, at *3 (S.D. Cal. June 26, 2020), in which the Court concluded, "while Mr. Yellin's medical record states he recovered from COVID-19, the possibility of reinfection persists."  As the court points out in *Yellin*, the medical evidence is still uncertain as to the effect of a recovery on future infection.  Ultimately, the court in *Yellin* concluded: "The Court does not presume to have more information than the experts researching this virus.  Without scientific conclusions as to whether reinfection is possible or how long COVID-19 immunity lasts, the Court must err on the side of caution to avoid potentially lethal consequences for Mr. Yellin."  *Id.*; *contra United States v. Molley*, No. CR15-0254-JCC, 2020 WL 3498482, at *2 (W.D. Wash. June 29, 2020) (reasoning the possibility that a defendant might get re-infected, and, the next time around, suffer more severe consequences, was too speculative to warrant relief).

However, we have learned more about the virus since *Yellin* was decided.  The CDC has now concluded that "[c]ases of reinfection with COVID-19 have been reported, but remain rare."  CDC, *Reinfection with COVID-19* (Oct. 27, 2020),

https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html; *see also* Apoorva Mandavilli, *Coronavirus Reinfections Are Real But Very, Very Rare*, N.Y. Times (Oct. 13, 2020), https://www.nytimes.com/2020/10/13/health/coronavirus-reinfection.html. "Eight months after infection, most people who have recovered still have enough immune cells to fend off the virus and prevent illness." Apoorva Mandavilli, *Immunity to the Coronavirus May Last Years, New Data Hints*, N.Y. Times (Nov. 17, 2020), https://www.nytimes.com/2020/11/17/health/coronavirus-immunity.html; *see also* Jennifer M. Dan et al., *Immunological Memory to SARS-CoV-2 Assessed for up to Eight Months after Infection*, Science (Feb. 5, 2021), https://science.sciencemag.org/content/sci/371/6529/eabf4063.full.pdf (concluding substantial immune memory is generated after infection); Chris Jennewein, *San Diego Researchers Find COVID Survivors Have Long-Lasting Immunity to Re-infection*, Times of San Diego (Jan. 10, 2021), https://timesofsandiego.com/tech/2021/01/10/san-diego-researchers-find-covid-survivors-have-long-term-immunity-to-re-infection.

Not only are the cases rare, but infections the second time around are mostly mild. *See* Jonathan Wosen, *Yes, You Can Get COVID Twice, Don't Be Alarmed, San Diego Scientists Say*, San Diego Union-Tribune (Nov. 29, 2020), https://www.sandiegouniontribune.com/business/biotech/story/2020-11-29/yes-you-can-get-covid-19-twice-dont-be-alarmed-san-diego-scientists-say. These results are significant, especially when coupled with the growing scientific research that vaccinations are largely successful at warding off the coronavirus.

In this case, given that Mr. Wang has already contracted and recovered from the coronavirus ten months ago, that he was asymptomatic when he last contracted the virus, and that his vaccination is likely to be imminent, the Court finds he has failed to show extraordinary and compelling reasons for his release.

## IV. CONCLUSION

For the reasons stated, above, the Court **DENIES** Defendant's Motion for Reconsideration. (ECF No. 108.)

**IT IS SO ORDERED.**

DATED: April 6, 2021

Hon. Cynthia Bashant
United States District Judge